IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**03/05/2008**

```
                                )
IN RE                           )
                                )
DANIEL L. CHAVEZ, SR.,          )    07-36007-H3-13
                                )
          Debtor                )
```

<u>MEMORANDUM OPINION</u>

The court held a hearing on confirmation of Debtor's Amended Chapter 13 Plan, Dated October 26, 2007 ("Plan") (Docket No. 29) and has considered the Chapter 13 Trustee's recommendation for approval and the Objection To Confirmation (Docket No. 31) filed by DaimlerChrysler Financial Services Americas L.L.C. ("DaimlerChrysler"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered confirming the Plan. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

1.  Daniel L. Chavez, Sr. ("Debtor") filed a voluntary chapter 13 bankruptcy proceeding on September 2, 2007. Docket No. 1. Debtor filed his initial Chapter 13 Plan on this same date. Docket No. 4.

2.  On September 5, 2007, the Court entered an "Order Authorizing Use of Vehicles Pursuant to §363 and Providing

Adequate Protection to Lien Holders" ("Adequate Protection Order") pursuant to Bankruptcy Local Rule 4001(e) which authorizes debtors to use their vehicles conditioned upon the debtor's providing the lienholder adequate protection. Part of the adequate protection at that time included the granting of an administrative expense claim, payable on a priority basis, in an amount equal to 1.5% of the value of the vehicle (which is the average of the NADA retail and wholesale values) as of the petition date. 11 U.S.C. §§ 503(b)(1) and 507(b), BLR 4001(e). Debtor or any other party in interest could object to the order within ten (10) days of its entry. Docket No. 6. No objection to the Adequate Protection Order was filed.[1]

3.    Debtor filed an Amended Chapter 13 Plan on October 26, 2007 (Docket No. 29) which proposes to pay 100% of his unsecured claims. The Plan also provides for payment of DaimlerChrysler's claim, secured by a 2002 Dodge 1500, in the amount of $7,326.00 with 10.25% interest. The Debtor values the collateral in his schedules and the Plan at $9,187.50, which value is acceptable to DaimlerChrysler.[2] Docket Nos. 29 and 31.

---

[1]  Bankruptcy Local Rule 4001(e) was amended, effective January 1, 2008, and reduces the adequate protection payment to an amount equal to 1.25% of the value of the vehicle. It further allows an objecting party 30 days within which to object to the adequate protection order.

[2]  The court notes that a small discrepancy exists between the value of the collateral listed by Debtor, in his Plan (Docket No. 29) and Schedule B (Docket No. 8), $9,187.50, and the value reflected in DaimlerChrysler's Objection to Confirmation (Docket No. 31), $9,051.69. The difference is nominal.

The Debtor proposes to make adequate protection payments, pursuant to the Adequate Protection Order, to DaimlerChrysler for the first 3 months of the Plan.  The amount of the adequate protection payment is approximately $137.81 per month (1.5% of $9,187.50).  Thereafter, the Plan provides for DaimlerChrysler to be paid equal monthly payments through month forty-eight.

4.  On November 2, 2007, DaimlerChrysler filed a secured Proof of Claim in the amount of $6,941.30 and its Objection to Confirmation.  The bases for DaimlerChrysler's objection are that the Plan does not provide for it to be paid in equal monthly payments beginning in month one of the Plan and that payments on its claim should not exceed thirty-six months, in light of the age of the vehicle.[3]

5.  If the holder of a secured claim does not accept the plan, the debtor may either surrender the property or provide that the lien be retained and that the value of the property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.  11 U.S.C. § 1325(a)(5).  The "equal payment" provision of this section

---

[3]  In its argument to the court at the confirmation hearing and in its post-hearing brief, DaimlerChrysler, for the first time, claimed that the Debtor's Plan does not devote all disposable income to the Plan.  Pursuant to 11 U.S.C. § 1325(b)(1), only the trustee or a holder of an allowed unsecured claim can raise this issue.  This objection cannot be raised by a creditor if that creditor's claim is to be paid in full under the plan, and cannot be raised by the trustee if all unsecured claims are to be paid in full under the plan.  *See Smith v. ITT Fin. Servs. (In re Smith)*, 100 B. R. 436 (S.D. Ind. 1989); *In re Eaton*, 130 B.R. 74 (Bankr. S.D. Iowa 1991); *In re Green*, 378 B.R. 30 (Bankr. N.D.N.Y. 2007); *In re Moore*, 367 B.R. 721 (Bankr. D. Kan. 2007); and *In re Loper*, 367 B.R. 660 (Bankr. D. Colo. 2007).

requires that, if the property to be distributed to the secured creditor under the plan takes the form of periodic payments, the payments shall be in equal monthly amounts once they begin and continue to be equal until they cease.  It does not require that such payments begin on the effective date of the plan or that they continue over the life of the plan.  Further, in the event that the claim is secured by personal property, the payments must be in an amount sufficient to provide the holder adequate protection during the period of the plan.  *See In re DeSardi*, 340 B.R. 790 (Bankr. S.D. Tex 2006); *In re Hill*, Slip Copy, 2007 WL 499622 (Bkrtcy. M.D.N.C., Feb. 12, 2007); and *In re Blevins*, Slip Copy, 2006 WL 2724153 (Bkrtcy. E.D. Cal., Sept 21, 2006).

6.  The Plan provides that DaimlerChrysler is to receive "pro rata" payments.  DaimlerChrysler contends that plans providing for such payments to secured creditors do not give the creditor the ability to know how much they are going to be paid each month.

7.  Each plan should be evaluated on a case by case basis in order to determine whether the terms of the plan comply with the equal payment provision.  The fact that a plan includes periodic "pro rata" payments does not necessarily result in the payments' not being equal.

8.  The Plan payment is $2,815.00 per month.  Pursuant to the Plan provisions, this amount remains constant each month

4

throughout the term of the Plan, which is sixty months.  The Plan
provides payment of attorney's fees beginning in month one and
ending in month three.  It also provides for two claimants to be
paid fixed amounts over the full term of the Plan (months one
through sixty).  There are six claimants, including
DaimlerChrysler, to be paid "pro rata" over months three through
forty-eight.

9.  During months three through forty-eight, after
deducting fixed amounts (the Trustee's fee and the amounts paid
to the two "fixed amount" claimants over the full term of the
Plan) from the total monthly payment, the remainder would be
distributed to the six "pro rata" claimants.  Because the monthly
plan payment and the fixed amounts to be deducted therefrom
remain the same throughout these months, the remaining amount for
distribution to the "pro rata" claimants is the same amount each
month.  The Plan reflects that the number of claimants sharing
in the remaining amount available for distribution does not
change during this period.  Thus, payment on a pro rata basis
would result in payment to each "pro rata" claimant, including
DaimlerChrysler, in an equal amount each month.  The court finds
that the Plan's periodic monthly payments to DaimlerChrysler are
equal in amount.

10.  A rough mathematical calculation provides the
amount of the proposed monthly payments to be distributed to each
of the six claims (to be paid pro-rata under the proposed plan).

DaimlerChrysler's claim is approximately 17% of the total claims to be paid pro rata and the amount available for distribution on those six claims is $1,163.67 per month.  The calculated equal monthly payment to DaimlerChrysler is approximately $200 per month.[4]

11.  Because DaimlerChrysler's claim is secured by personal property, the payments must be in an amount sufficient to provide the holder adequate protection during the period of the plan.  11 U.S.C. § 1325(a)(5).

12.  Bankruptcy Local Rule 4001(e), as it was effective at the time Debtor's case was filed, provided that in each chapter 13 case, the court will issue an order that authorizes the use of estate vehicles under section 363 and provides adequate protection to the holders of liens on vehicles, beginning no later than 30 days after the date of the filing of the plan or the order for relief and to continue until the equal monthly plan payments begin.  Part of the prescribed adequate protection required debtors to make periodic cash payments in an amount equal to 1.5% of the value of the vehicle for each 30 days that elapse from the date of the adequate protection order.  The calculated adequate protection payment of $137.81 (1.5% of the value of the collateral, $9,187.50) has been made to

---

[4]  The plan provides for pro rata payment of six claims in the amounts of $8,816.22 (Chase), $741.34 (AG), $9,051.69 (DaimlerChrysler), $1,853.30 (Conn's), $29,440.00 (HSBC) and $2,151.20 (SWNB) for a total of $52,054.23.

DaimlerChrysler each month pursuant to BLR 4001(e) and will continue until the equal monthly payments begin.

13. Bankruptcy Local Rule 4001(e)(3) allows a party in interest to object to the adequate protection award. No party in interest, including DaimlerChrysler, filed an objection to the adequate protection award. Thus, the periodic monthly cash payment, calculated pursuant to BLR 4001(e), of $137.81 per month is an amount which adequately protects DaimlerChrysler's interest in the vehicle.

14. DaimlerChrysler argues that the time period for payment of its claim is too long and should not exceed thirty-six months. Presumably, DaimlerChrysler is concerned that its collateral would not be adequately protected during months thirty-seven through forty-eight of the plan. The purpose of adequate protection is to ensure that the lender's economic position is not worsened because of the bankruptcy case.

15. The Plan provides for DaimlerChrysler to retain its lien on the vehicle. The uncontested value of the vehicle is $9,187.50, while DaimlerChrysler's Proof of Claim is in the amount of $6,941.30. DaimlerChrysler is oversecured by approximately $2,000. DaimlerChrysler is to receive monthly adequate protection payments calculated at 1.5% of the value of the collateral. Pursuant to section 1326(a)(1)(C), these adequate protection payments are required to be made not later than 30 days after the date of the filing of the plan or the

order for relief and should continue until the equal monthly payments begin.

16.  Pursuant to the proposed plan, DaimlerChrysler is to receive periodic equal monthly payments on its claim in the approximate amount of $200.  Thus, the proposed equal monthly plan payment to DamilerChrysler is greater than the amount determined by the court to adequately protect DaimlerChrysler's interest in the vehicle.

17.  Based upon the fact that DaimlerChrysler is oversecured, that DaimlerChrysler has received monthly adequate protection payments in an amount that was satisfactory to it (as no objection to the amount was raised), and that DaimlerChrysler is to receive equal monthly plan payments (approximately $200) that are greater than the adequate protection payments ($137.81), the court finds that DaimlerChrysler's interest in the collateral is adequately protected during the proposed payment period.

Conclusions of Law

1.  Section 1326(a)(1)(C) requires a chapter 13 debtor to make adequate protection payments to a creditor holding an allowed claim secured by personal property to the extent it is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief.  These payments are to commence within thirty days after the filing of the plan or the order for relief, whichever is earlier.

2.   The court's Adequate Protection Order was issued pursuant to the provisions of Bankruptcy Local Rule 4001(e), before its amendment effective January 1, 2008.  The earlier form of Bankruptcy Local Rule 4001(e) provided that in each chapter 13 case, the court will issue an order that authorizes the use of estate vehicles under section 363 and provides adequate protection to the holders of liens on vehicles.  Adequate protection under the local rule includes maintenance of insurance on the vehicle, providing the lienholder with proof of insurance, requiring debtors to enter into a wage order or electronic funds transfer order no later than the date of the creditors' meeting, and requiring debtors to make periodic cash payments in an amount equal to 1.5% of the value of the vehicle for each 30 days that elapse from the date of the adequate protection order.  The debtor or any party in interest may object to the adequate protection order not later than 10 days after entry of the court's order.

3.   Section 1325(a)(5) requires, with respect to each allowed secured claim provided for by the plan, that the holder accept the plan (1325(a)(5)(A)), the debtor surrender the collateral (1325(a)(5)(C)), or the plan must comply with Section 1325(a)(5)(B).  The pertinent portion of section 1325(a)(5)(B) provides:

> (B)(i) the plan provides that the holder of such claim retain the lien securing such claim ...

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if -
(I) property to be distributed pursuant to this section is in the form of periodic payments, such payments shall be in equal monthly amounts; and

(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; ...

4.  If the property to be distributed to a secured creditor under the plan takes the form of periodic payments, then those payments "shall be in equal monthly amounts."  The "equal payment" provision requires payments to be equal once they begin, and to continue to be equal until they cease (when the creditor is paid in full or debtor receives a discharge), but it does not require that such payments start as of the effective date of the plan or that they continue over the life of the plan.  Exactly when these equal payments should begin requires a case-specific inquiry.  11 U.S.C. § 1325(a)(5)(B)(iii)(I); *See In re DeSardi*, 340 B.R. 790 (Bankr. S.D. Tex 2006); *In re Hill*, Slip Copy, 2007 WL 499622 (Bkrtcy. M.D.N.C., Feb. 12, 2007); and *In re Blevins*, Slip Copy, 2006 WL 2724153 (Bkrtcy. E.D. Cal., Sept 21, 2006);  8 Collier on Bankruptcy ¶ 1325.06[3][b][ii][A] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

5. Further, the amount of the equal payments to the creditor shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan. The amount of the adequate protection payments made to the creditor, beginning within 30 days of the petition date and continuing until equal monthly payments begin, do not need to be the same as the equal monthly payments. The only such requirement is that the equal monthly payments be in an amount sufficient to provide adequate protection.

Based on the foregoing, a separate Judgment will be entered confirming Debtor's Plan.

Signed at Houston, Texas on this 5th day of March, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE